```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PHILIP COFFARO,
                                         MEMORANDUM & ORDER
                  Plaintiff,
                                         Civil Action No.
         -against-                       08-CV-2025 (DGT)

DAVID CRESPO and SOTHEBY'S,

                  Defendants.
----------------------------------X
```

TRAGER, District Judge:

Philip Coffaro ("plaintiff") commenced this action against David Crespo ("defendant") and Sotheby's, seeking a declaratory judgment that he is the true owner of a mixed media work of art by Salvador Dali and alleging claims for conversion and slander of title. Defendant moves to dismiss the complaint for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406 or, in the alternative, to transfer the case to the District of Connecticut pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, defendant's motion is denied.

### Background

Plaintiff resides in Sayville, New York, and is the owner of an art gallery in Mineola, New York. Pl.'s Compl. ¶¶ 1, 6.

According to plaintiff, defendant resides in Monroe, Connecticut.[1] Id. ¶ 2. Defendant claims that he is a member of Brandon Gallery LLC, which is located in Madison, Connecticut and was established in 1996 for the purpose of buying and selling artwork. Crespo Am. Aff. ¶ 2. Plaintiff would, on occasion, let defendant borrow works of art, which defendant then displayed in his Connecticut art gallery. Id. ¶ 8. On February 11, 1990, Julien Aime a/k/a Julien Heiserman a/k/a Julien Von Heiserman ("Aime"), a resident of New York, sold plaintiff a mixed media work of art by Salvador Dali entitled Folle Folle Folle Minerva (the "painting").[2] Id. ¶ 9. Shortly thereafter, plaintiff claims that he loaned the painting to defendant with the expectation that it would be returned. Id. ¶ 12. According to plaintiff, he delivered the painting to defendant in New York. Coffaro Aff. ¶ 5. Defendant subsequently refused to return the painting when asked to do so. Pl.'s Compl. ¶ 13. Defendant, on the other hand, claims that plaintiff transferred the painting to him in partial satisfaction of a debt. Crespo Am. Aff. ¶ 3. Defendant further alleges that Aime, not plaintiff, was the one who delivered the painting to

---

[1] Defendant, on the other hand, asserts that he is a resident of Guilford, Connecticut. Crespo Am. Aff. ¶ 1.

[2] Aime attests that prior to February 11, 1990 he was the owner of the painting, which he purchased at an auction held by Christie's. Aime Aff. ¶ 2.

2

him in Connecticut.[3]  Id. ¶ 4.  Defendant also asserts that when he transferred the painting to an unnamed "third party,"[4] both defendant and the painting were in Connecticut, implying that the transfer occurred in Connecticut.[5]

According to Aime's affidavit, submitted by plaintiff, in July 1991, after plaintiff loaned the painting to defendant, defendant transferred the painting to Aime in New York in satisfaction of a debt.  Aime Aff. ¶ 4.  Between July 1991 and 2005, the painting both hung in Aime's art gallery[6] and was

---

[3] It is unclear from defendant's affidavit who defendant claims owned the painting prior to it being transferred to him. In paragraph three of his affidavit, defendant alleges that plaintiff transferred the painting to him in satisfaction of a debt, implying that plaintiff was the owner of the painting prior to such transfer and that plaintiff actually delivered the painting to defendant.  However, in paragraph four of the affidavit, defendant claims that Aime was the owner of the painting prior to its delivery to defendant and that it was Aime who delivered the painting to defendant in Connecticut.

[4] Defendant's affidavit states that Aime was the art dealer who originally delivered the painting to defendant in Connecticut.  Crespo Am. Aff. ¶ 4.  Defendant then claims that "[a]t all times prior to the transfer of the painting to a third party, I did keep the painting in Connecticut."  Id. ¶ 5.  It is unclear whether the "third party" defendant refers to is Aime or some other unnamed individual.

[5] Defendant's affidavit fails to mention that Connecticut is the state where the transfer of the painting from defendant to the "third party" took place.  This is an allegation that appears only in Defendant's Memorandum of Law.

[6] It is unclear whether Aime's art gallery was located in New York.  However, a New York address appears at the top of the bill of sale that Aime provided to plaintiff following the February 11, 1990 sale of the painting.

briefly on display in Holland. Id. ¶ 5. During this period, defendant made no claim to the painting, despite having visited Aime's gallery several times. Id.

In 2005, plaintiff learned that Aime was in possession of the painting. Pl.'s Compl. ¶ 14. He then repurchased the painting from Aime for $40,000 in New York. Coffaro Aff. ¶ 8.

In November 2007, plaintiff consigned the painting to Sotheby's, an international art auction house. Pl.'s Compl. ¶ 17. Plaintiff claims that he executed the consignment listing in New York and that all communications between him and Sotheby's occurred in New York. Coffaro Aff. ¶ 9. On February 4, 2008, Sotheby's sold the painting at auction for £130,000. Pl.'s Compl. ¶ 18. After subtracting Sotheby's fees, £121,641.28 (approximately $220,000) was owed to plaintiff. Id. ¶¶ 19-20. Defendant then informed Sotheby's that he, not plaintiff, is the true owner of the painting, and demanded receipt of the auction proceeds. Id. ¶ 21. Sotheby's refuses to release the auction proceeds pending a final resolution as to the ownership of the painting. Id. ¶ 22.

Plaintiff filed the present action primarily to obtain a declaratory judgment that he is the true owner of the painting. However, he also brings claims for: (1) conversion, stemming from defendant's refusal to return the painting and subsequently transferring the painting to Aime in July 1991 and (2) slander of

4

title, as a result of defendant contacting Sotheby's and falsely claiming that he is the true owner of the painting.

## Discussion

### (1)

### Motion To Dismiss For Improper Venue

Whether to dismiss this action for improper venue is in the district court's sound discretion. Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993). On such a motion, the plaintiff has the burden of showing that venue in the forum district is proper. Solow Bldg. Co. v. ATC Assocs., Inc., 175 F. Supp. 2d 465, 469 (E.D.N.Y. 2001). "'In a case involving multiple claims, the plaintiff must show that venue is proper for each claim asserted . . . .'" Id. (quoting U.S. Envtl. Prot. Agency v. Port Auth. of New York and New Jersey, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001)). In analyzing a claim of improper venue, a court must view all facts in the light most favorable to the plaintiff. Philips v. Audio Active Ltd., 494 F.3d 378, 384 (2d Cir. 2007). Thus, "'the Court must accept the facts alleged in the complaint and construe all reasonable inferences in the plaintiff's favor.'" Matera v. Native Eyewear, Inc., 355 F. Supp. 2d 680, 681 (E.D.N.Y. 2005) (quoting Fisher v. Hopkins, No. 02 Civ. 7077, 2003 WL 102845, at *2 (S.D.N.Y. Jan. 9, 2003)).

Because jurisdiction here is based on diversity, 28 U.S.C.

§ 1391(a) is the applicable venue statute. Section 1391(a)(2) provides that a civil action based on diversity may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." In other words, "for venue to be proper, <u>significant</u> events or omissions <u>material</u> to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." <u>Gulf Ins. Co. v. Glasbrenner</u>, 417 F.3d 353, 357 (2d Cir. 2005) (emphasis in original); <u>see also</u> <u>Rothstein v. Carriere</u>, 41 F. Supp. 2d 381, 387 (E.D.N.Y. 1999) ("[P]laintiff need not establish that the Eastern District of New York has 'the most substantial contacts to the dispute; rather it is sufficient that a substantial part of the events occurred [here], even if a greater part of the events occurred elsewhere.'" (quoting <u>Neufeld v. Neufeld</u>, 910 F. Supp. 977, 986 (S.D.N.Y. 1996))). Material acts are "deemed 'significant' and, thus, substantial" when they "bear a close nexus to the claims." <u>Daniel v. Am. Bd. of Emergency Med.</u>, 428 F.3d 408, 433 (2d Cir. 2005) (citation omitted). Thus, 28 U.S.C. § 1391(a) "permits venue in multiple judicial districts as long as 'a substantial part' of the underlying events took place in those districts . . . ." <u>Glasbrenner</u>, 417 F.3d at 356 (citations omitted).

**(a) Declaratory Judgment and Conversion**

According to plaintiff, all of the events giving rise to his

declaratory judgment and conversion claims took place in New York, making venue proper here. At the core of plaintiff's declaratory judgment claim is the chain of custody establishing ownership of the painting, including that: (1) plaintiff purchased the painting from Aime in New York; (2) when plaintiff loaned the painting to defendant, defendant picked it up in New York; (3) defendant transferred the painting to Aime in New York; (4) plaintiff subsequently purchased the painting from Aime in New York; and (5) plaintiff consigned the painting for sale to Sotheby's in New York. "Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights." Colavito v. New York Organ Donor Network, Inc., 8 N.Y.3d 43, 50, 860 N.E.2d 713, 717, 827 N.Y.S.2d 96, 100 (2006). Plaintiff's conversion action thus focuses on plaintiff's initial purchase of the painting from Aime, plaintiff loaning the painting to defendant and defendant's subsequent transfer to Aime in repayment of a debt. These three actions occurred, according to plaintiff, in New York, and together, if true, they constitute an act of conversion.

Defendant argues that venue is proper in Connecticut, where he claims a substantial part of the events giving rise to plaintiff's declaratory judgment and conversion claims occurred. According to defendant, plaintiff's claims hinge on which of the

7

two parties owned the painting when defendant transferred it to an unnamed "third party." Because this transfer occurred in Connecticut, defendant claims that venue lies there.

Nonetheless, as a substantial part of the events giving rise to plaintiff's declaratory judgment and conversion claims occurred in New York, these claims are properly venued in this district. Although an issue exists as to: (1) whether defendant originally received the painting in New York or Connecticut; and (2) whether defendant delivered the painting to Aime or some third-party in New York or Connecticut, such a factual dispute must be resolved in plaintiff's favor. Matera, 355 F. Supp. 2d at 681. Furthermore, defendant never disputes that other substantial acts giving rise to plaintiff's declaratory judgment and conversion claims occurred in New York. Moreover, in his affidavit, Aime confirms plaintiff's contention that significant transactions took place in New York. Aime Aff. ¶¶ 3-4, 6. Specifically, Aime attests that: (1) he first sold the painting to plaintiff on or about February 11, 1990 in New York, Id. ¶ 3; (2) he then obtained the painting from defendant in July 1991 in New York, Id. ¶ 4; and (3) he resold the painting to plaintiff in 2005 in New York, Id. ¶ 6. Moreover, a material event taking place outside the district does not render venue improper, so long as "significant events" that are material to plaintiff's claim occurred in the district. Glassbrenner, 417 F.3d at 357.

8

**(b) Slander of Title**

Plaintiff's slander of title claim is also properly venued in this district. "The elements of slander of title are (1) a communication falsely casting doubt on the validity of complainant's title, (2) reasonably calculated to cause harm, and (3) resulting in special damages." Brown v. Bethlehem Terrace Assocs., 136 A.D.2d 222, 224, 525 N.Y.S.2d 978, 979 (3d Dep't 1988). Plaintiff's slander of title claim stems from defendant having contacted Sotheby's and informing the auction house that plaintiff is not the true owner of the painting. Neither party references either the district from which defendant allegedly communicated the false statement of ownership or the district where the communication was delivered. However, because plaintiff both resides and owns an art gallery in New York, such false statements, if made, most likely caused harm to plaintiff in New York, and specifically, at his place of business in Mineola, making venue proper here. See Rothstein v. Carriere, 41 F. Supp. 2d 381, 387 (E.D.N.Y. 1999) (finding venue proper in the district where plaintiff suffered all of his injuries). Furthermore, the alleged false nature of defendant's communication is directly related to the various transfers of the painting, which plaintiff alleges all occurred in New York.

**(2)**

**Motion To Transfer Venue**

In the alternative, defendant argues that this action should be transferred to the District of Connecticut pursuant to 28 U.S.C. § 1404(a), which provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court." Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989).

Courts in the Eastern District of New York have adopted a two-prong inquiry in deciding a motion to transfer. Launer v. Buena Vista Winery, Inc., 916 F. Supp. 204, 212 (E.D.N.Y. 1996). "The first inquiry is whether the action sought to be transferred is one that might have been brought in the district court in which the moving party seeks to have the case litigated." Id. at 212-13. The second inquiry asks "whether 'the convenience of the parties and witnesses' and 'the interest of justice' favor transfer." Id. at 213. Factors that may be considered in deciding this second prong include:

> (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) the

10

> weight accorded the plaintiff's choice of forum;
> (7) calendar congestion; (8) the desirability of having
> the case tried by the forum familiar with the
> substantive law to be applied; (9) practical
> difficulties; and finally, (10) the Court should also
> consider how best to serve the interest of justice,
> based on an assessment of the totality of material
> circumstances.

Photoactive Prods., Inc. v. AL-OR Int'l Ltd., 99 F. Supp. 2d 281, 291-92 (E.D.N.Y. 2000). However, there is "no rigid formula for balancing these factors and no single one of them is determinative." Citigroup, Inc. v. City Holding Co. and City Nat'l Bank, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000). The moving party "bears the burden to make a 'clear' showing that a transfer is appropriate, and must support the application with an affidavit containing detailed factual statements relevant to the factors set forth above, including the potential principal witnesses expected to be called and a general statement of the substance of their testimony." Photoactive Prods., Inc., 99 F. Supp. 2d at 292.

Defendant fails to show that the convenience of the parties and interest of justice favor transferring this action to the District of Connecticut. Even assuming that defendant is able to demonstrate that this action could have been brought in Connecticut, his affidavit contains almost no factual details concerning the ten factors discussed above. The only factor remotely in defendant's favor is his claim that Connecticut is the state where the primary locus of operative facts occurred.

11

Specifically, defendant alleges in his affidavit that the painting was delivered to him in Connecticut, where it remained until he transferred it to a third-party, and that he conducted all business related to the painting in Connecticut. Crespo Am. Aff. ¶¶ 4-6. However, as discussed above, plaintiff asserts that defendant came to New York to borrow the painting and that other significant acts either occurred in New York or were directed at New York. This factor, therefore, does not weigh heavily in favor of transferring this action to Connecticut. Defendant further argues that this action should be transferred to Connecticut, "because business records and witnesses related to the issue are located" there. Def.'s Mem. Supp. Mot. to Dismiss at 4. Defendant claims that there are witnesses in Connecticut, but makes no mention of who these witnesses are or what sort of testimony they would provide. Moreover, defendant fails to identify a single document located in Connecticut. Although Connecticut would be the most convenient forum for defendant because he lives and conducts business within the state, plaintiff lives and conducts business in New York, making venue just as convenient here. Moreover, Aime, a non-party witness who is closely intertwined with the various transfers of the painting, is located in New York and plaintiff has provided an affidavit prepared by Aime demonstrating the type of testimony that he would provide at trial. Defendant has thus brought forth

no justification for disturbing plaintiff's choice of forum.

## Conclusion

For the foregoing reasons, defendant's motions to dismiss plaintiff's complaint pursuant to Rule 12(b)(3) on the basis of improper venue, and, in the alternative, to transfer this action to the District of Connecticut pursuant to 28 U.S.C. § 1404(a) are denied.

Dated:    Brooklyn, New York
          May 28, 2009

                                    SO ORDERED:


                                    _____/S/_____
                                    David G. Trager
                                    United States District Judge