UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

PHILIP COFFARO,

            Plaintiff,

    v.

DAVID CRESPO and SOTHEBY'S,

            Defendants.

--------------------------------------------------------------x

**MEMORANDUM & ORDER**
08-CV-2025 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Philip Coffaro filed the above-captioned action against defendants David Crespo and Sotheby's on May 20, 2008, seeking a declaratory judgment that he is the rightful owner of a work of art by Salvador Dalí (the "Artwork") and alleging conversion and slander of title. On June 24, 2010, United States District Judge David G. Trager granted Plaintiff's motion for partial summary judgment on his claim for a declaratory judgment.[1] Judge Trager found that defendant Crespo ("Defendant") had no claim to the Artwork under the doctrine of judicial estoppel and that Defendant lacked standing to assert an interest in the Artwork.[2] Defendant appealed Judge

---

[1] This action was reassigned to United States District Judge Nicholas G. Garaufis on January 28, 2011 and subsequently reassigned to the undersigned on March 23, 2012.

[2] In November 2007, Plaintiff delivered the Artwork to defendant Sotheby's for auction, where it was sold for £130,000. (Docket No. 30, Pl.'s 56.1 in Supp. Summ. J. Mot. ("Pl.'s 56.1"), at ¶ 23–24; Docket No. 31, Def.'s 56.1 in Opp. Summ. J. Mot. ("Def.'s 56.1"), at ¶ 23–24.) Defendant Crespo wrote to defendant Sotheby's and asserted a claim of ownership over the painting, and consequently defendant Sotheby's refused to release the proceeds of the sale to Plaintiff. (Pl.'s 56.1 ¶ 25–26; Def.'s 56.1 ¶ 25–26.) In filing the above-captioned action, Plaintiff named Sotheby's as a defendant because it held the proceeds of the sale of the Artwork but did not assert any claims against it. On June 6, 2008, Plaintiff and defendant Sotheby's stipulated that Sotheby's would not formally appear in this action and agreed to adjourn without

Trager's Order, and on June 28, 2011, the Second Circuit dismissed Defendant's appeal for lack of appellate jurisdiction. (Docket No. 37.) On August 1, 2012, Plaintiff moved to dismiss his remaining claims of conversion and slander of title without prejudice. Defendant opposed Plaintiff's motion. For the reasons stated below, Plaintiff's motion to dismiss without prejudice is granted.

I. Discussion

The Court assumes familiarity with the background of this case, which is set forth in detail in Judge Trager's 2010 decision. *See Coffaro v. Crespo*, 721 F. Supp. 2d 141 (E.D.N.Y. 2010).

   a. Legal Standard

A plaintiff may seek dismissal of an action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Whether to grant dismissal is within the discretion of the Court. *Ascentive, LLC v. Opinion Corp.*, No. 10 Civ. 4433, 2012 WL 1569573, at *2 (E.D.N.Y. May 3, 2012). Rule 41 provides in relevant part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Fed. R. Civ. P. 41(a)(2). Any such dismissal is without prejudice unless the dismissal order otherwise provides. *Id.* Although voluntary dismissal without prejudice is "not a matter of right," *Henry v. Berlanga*, No. 06 Civ. 6898, 2012 WL 1432276, at *1 (E.D.N.Y. Apr. 24, 2012) (quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.1990)), generally "a voluntary

---

a date the time within which Sotheby's must Answer or otherwise move with respect to the Complaint. (Affidavit of Adam L. Browser ("Brower Aff.") Ex. B ¶ 4.)

dismissal without prejudice ... will be allowed 'if the defendant will not be prejudiced thereby.'" *Cantanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001) (quoting *Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985)); *see also Ascentive*, 2012 WL 1569573, at *2 ("Although voluntary dismissal without prejudice is not a matter of right, there is a presumption in this circuit that generally motions to dismiss claims without prejudice should be granted.").

The Second Circuit has recognized that "[t]wo lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)). The first "indicates that such a dismissal would be improper 'if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Kwan*, 634 F.3d at 230 (quoting *Camilli*, 436 F.3d at 123). The second line of authority "indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors." *Id.* (quoting *Camilli*, 436 F.3d at 123); *see generally Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.1990). The *Zagano* factors include: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Kwan*, 634 F.3d at 230; *see also Zagano*, 900 F.2d at 14. "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan*, 634 F.3d at 230.

### b. Legal Prejudice

Defendant cannot demonstrate that he will suffer any legal prejudice from Plaintiff's dismissal. "Legal prejudice in this context has been defined as 'the impairment of some legal

interest, some legal claim, or some legal argument.'" *Benitez v. Hitachi Metals America, Ltd.*, No. 11 Civ. 6816, 2012 WL 3249417, at *2 (S.D.N.Y. Aug. 6, 2012) (quoting *Staten Island Terminal, LLC v. Elberg*, No. 11 Civ. 3262, 2012 WL 1887126, at *3 (E.D.N.Y. May 23, 2012)). Under this analysis, the court primarily seeks to protect "a defendant who is ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have dismissed." *Camilli*, 436 F.3d at 124 (emphasis in original); *see also NAACP N.Y. State Conf. v. N.Y. York State Bd. of Elections*, No. 10 Civ. 2950, 2012 WL 3288850, at *2 (E.D.N.Y. Aug. 9, 2012).

Here, Defendant has not alleged any counterclaims or defenses that would be affected by dismissal of this action. Defendant argues that dismissal would be prejudicial, as it would draw out the litigation and is against the goal of judicial economy. (Def. Obj. to Mot. to Dismiss ("Def. Obj.") ¶ 2–3.) Defendant states that if dismissal is granted, it would be followed by appeal, and then likely by another round of proceedings at the district court level were Plaintiff to renew his claims. (Def. Obj. ¶ 3.) While the duplicative expense of relitigation is a factor courts consider in deciding whether voluntary dismissal will be prejudicial, it is well established that "the mere prospect of a second lawsuit is not tantamount to plain legal prejudice." *Anderson v. United States*, No. 11 Civ. 0169, 2012 WL 2571271, at *2 (N.D.N.Y. July 2, 2012) (internal quotation marks omitted); *see also Kwan*, 634 F.3d at 230 (explaining that the first line of authority indicates voluntary dismissal is improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit" (quoting *Camilli*, 436 F.3d at 123)). Indeed, in *Selas Corporation of America v. Wilshire Oil Company of Texas*, the sole case Defendant cites for support, the court explicitly rejected the argument that the possibility of a second lawsuit rises to the level of clear legal prejudice. 57 F.R.D. 3, 5 (E.D. Pa. 1972). Unlike

4

the defendant in *Selas*, Defendant in this case has pointed to no reason beyond potential subsequent litigation that voluntary dismissal would be prejudicial.

### c. *Zagano* Factors

None of the *Zagano* factors warrant denying Plaintiff's motion. First, Plaintiff was not unduly dilatory in bringing this motion and brought the motion in order to end to the litigation. Following Judge Trager's June 24, 2010 Order granting partial summary judgment and the Second Circuit's June 28, 2011 Order denying Defendant's appeal of Judge Trager's Order, the case lay dormant until April 26, 2012, when this Court scheduled a status conference. At the May 31, 2012 status conference, Plaintiff requested leave to move for dismissal. Although Plaintiff waited a year following the Second Circuit's Order before filing his motion, Plaintiff's motion was the next step taken in the case, and the Court sees "no indication in the court records that any wasteful litigation efforts were undertaken in the interim." *Kwan*, 634 F.3d at 231; *see also Shah v. RBC Capital Markets Corp.*, No. 10 Civ. 7672, 2011 WL 2638139, at *14 (S.D.N.Y. July 5, 2011) ("Moreover, '[w]hen analyzing whether a party was diligent in bringing a motion, courts have focused on whether or not the moving party encouraged the non-moving party to continue discovery without any intention of pursuing its claims.'" (quoting *Omega Inst., Inc. v. Universal Sales Sys., Inc.*, No. 08 Civ. 6473, 2010 WL 475287, at *3 (W.D.N.Y. Feb. 5, 2010))); *c.f. Krulls v. CIRG, LLC*, No. 09 Civ. 00806, 2011 WL 2470471, at *2 (N.D.N.Y. June 20, 2011) ("A gap of a few months, where it does not lead to wasteful litigation, demonstrates acceptable diligence in bringing a motion to dismiss, especially where the motion is made in order to end litigation."). "In order for the plaintiff's delay to militate against a grant of dismissal, the [defendant] must show that it expended resources or otherwise detrimentally relied on a reasonable expectation that the plaintiff would pursue its remaining claims." *Banco Cent.*

*De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 Civ. 9649, 2006 WL 3456521, at *4 (S.D.N.Y. Nov. 30, 2006). Here, Plaintiff never led Defendant to believe that he would prosecute his remaining claims. Plaintiff stated in December 2009 that he believed his motion for partial summary judgment would resolve the case and indicated that, if his motion was granted, he did not intend to pursue his remaining claims. (Docket No. 25, Dec. 14, 2009 Letter from Defendant ("Dec. 14, 2009 Letter") 1.) *See Kwan*, 634 F.3d at 231 (inquiring into when parties and the court were alerted to movant's desire to move for dismissal and whether any wasteful litigation efforts were undertaken in the interim).

Second, the record reflects no "undue vexatiousness" on Plaintiff's part in either filing or pursuing his claims, as there is "no indication that plaintiff . . . utilized his action to annoy, harass or vex defendants" and "no indication that plaintiff [had] either filed the present motion or used his . . . claim in general as an instrument of vexation." *Denitto v. Kennedy*, No. 10 Civ. 739, 2011 WL 1467769, at *3 (D. Conn. Apr. 18, 2011). "In cases where 'there is no evidence to suggest that the case was brought to harass the defendant,' or that a plaintiff had 'ill-motive,' dismissal without prejudice is favored." *Staten Island Terminal, LLC v. Elberg*, No. 11 Civ. 3262, 2012 WL 1887126, at *4 (E.D.N.Y. May 23, 2012) (internal citations omitted).

Third, although this case is over four years old, it has proceeded sporadically, and the record indicates that discovery was largely avoided. On December 14, 2009, Plaintiff, with the knowledge and consent of Defendant's counsel, requested that Magistrate Judge Arlene Lindsay adjourn the initial conference, as Plaintiff believed his motion for partial summary judgment would resolve the case. (Dec. 14, 2009 Letter at 1.) Magistrate Judge Lindsay granted Plaintiff's request and ordered the parties to submit a discovery schedule if Plaintiff's motion was denied or if Judge Trager decided discovery was warranted. (Dec. 15, 2009 Order.) Judge

Trager granted Plaintiff's motion, and there is no indication in the record that discovery was ever conducted. "Dismissal of a claim is appropriate where little or no discovery has taken place." *Krulls*, 2011 WL 2470471, at *2 (citing *In re Solv–Ex Corp. Sec. Litig.*, 62 F. App'x 396, 398 (2d Cir. 2003)); *see also Catanzano v. Wing*, 277 F.3d 99, 110 (2d Cir. 2001) (holding district court should have granted motion for dismissal without prejudice even though case had proceeded for nine years before plaintiffs filed the motion, as the claim in question had "thus far not been litigated and only halting discovery [had] taken place"); *Parker v. Tougher Indus., Inc.*, No. 06 Civ. 0400, 2013 WL 316389 (N.D.N.Y. Jan. 28, 2013) (granting motion to dismiss without prejudice in seven year old case where suit had made minimal progress).

Fourth, "[w]here cases have barely been litigated, there is correspondingly little concern about the expense of relitigation for defendants." *Krulls*, 2011 WL 2470471, at *2. Defendant's primary expenses in this case have related to his motion to dismiss for lack of venue, which Judge Trager denied, and to Plaintiff's motion for partial summary judgment, which was granted. There is no indication in the record that Defendant "expended resources in defending the claims that the plaintiff now seeks to dismiss." *Banco Cent. De Paraguay*, 2006 WL 3456521, at *4. *Compare Smith v. Empire of Am. Realty Credit Corp.*, No. 94 Civ. 0786, 1999 WL 66690, at *2 (W.D.N.Y. Jan. 11, 1999) (finding no prejudice where "the defendants have not to date committed great effort or expense in anticipation of a trial" and "next to nothing has taken place in more than a year"); *with Deere & Co. v. MTD Holdings Inc.*, No. 00 Civ. 5936, 2004 WL 1432554, at *2 (S.D.N.Y. June 24, 2004) (finding prejudice where, in preparation for trial of the claims that plaintiff sought to dismiss, over fifty depositions were taken, thousands of documents had been produced by both parties, numerous motions had been filed and disposed of, and defendant incurred more than $6 million in legal fees"). Moreover, discontinuing the action at

this stage in the litigation would "avoid the costs of . . . discovery" and "a potentially needless trial." *U.S. Underwriters, Ins. Co. v. United Pac. Assocs., LLC*, No. 05 Civ. 1012, 2006 WL 2038507, at *3 (E.D.N.Y. July 19, 2006).

Finally, Plaintiff has provided an adequate explanation to the Court. Plaintiff maintains that he no longer needs to proceed with his remaining claims, as he was awarded summary judgment on his first claim, and his second and third claims were alternative theories for relief. (Browser Aff. ¶ 9.) "A plaintiff's wish to voluntarily dismiss its claims because the objective of the suit has been obtained constitutes an adequate explanation." *Banco Cent. De Paraguay*, 2006 WL 3456521, at *7. "This is not a case, for example, where the plaintiff seeks dismissal of its claims in order to 'avoid the prospect of an adverse decision on a dispositive motion.'" *Id.* (quoting *Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp. 2d 569, 572 (S.D.N.Y. 2004)). Here, the dispositive motion was resolved in Plaintiff's favor.

## II. Conclusion

For the foregoing reasons, the Court concludes that Plaintiff's motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted, and Plaintiff's Complaint should be dismissed without prejudice. The Clerk of Court is directed to close this case.

SO ORDERED:

s/Margo K. Brodie
_____
MARGO K. BRODIE
United States District Judge

Dated: February 15, 2012
Brooklyn, New York

8